J-S53043-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LINDA C. MATEY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN G. MATEY, | |
| Appellant | No. 333 WDA 2014 |

Appeal from the Order January 29, 2014
in the Court of Common Pleas of Allegheny County
Family Court at No.: FD097870006

BEFORE:  DONOHUE, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 31, 2014**

Appellant, John G. Matey (Husband), appeals from the trial court's order of equitable distribution, dismissing his exceptions to the special master's report and adopting the recommendation of the special master, following the entry of a decree in divorce.  We affirm in part, vacate in part, and remand with instructions.

The trial court summarized the factual history of this case as follows:

> Husband and . . . Linda C. Matey (Wife) were married on September 23, 1995, separated on September 4, 2009, and divorced on January 29, 2014.  They have one son[.] . . . Wife has a B.A. in history from Brown University and a M.S. in library science from the University of Pittsburgh.  At the time of the marriage, Wife was working full time as a librarian at the Greensburg Hempfield area library.  The parties agreed that Wife would work part time at the library during the marriage.  Upon

---

[*] Retired Senior Judge assigned to the Superior Court.

separation, Wife returned to work full time at the same library. Wife's salary in 2011 was $21,794. The [s]pecial [m]aster set her net [monthly] income for purposes of child support at $1,899. Husband is a civil engineer and also has a Master's Degree. His net monthly income was set at $4[,]268 per month.

(Trial Court Opinion, 5/05/14, at 1-2).

On April 2, 2012, the trial court appointed a special master (Master) who held two hearings on August 23 and October 3, 2012. On November 27, 2012, the Master filed a report (Master's Report) "recommending a 60/40 split in Wife's favor of a marital estate valued at $629,995." (Trial Ct. Op., at 2; **see also** Master's Report, 11/27/12, at 16). Specifically, the Master determined that Husband's earning capacity was more than two times greater than Wife's earning capacity. (**See** Master's Report, 11/27/12, at 16). The Master treated Wife's inheritance as separate property, but did include an investment return rate of three percent on the cash portion in her net income. (**See id**. at 6).

At the hearing, the parties disputed the value of the marital residence and each produced expert appraisals. Ultimately, the Master accepted the appraisal of Wife's expert and valued the marital residence at $121,000 in 2012. (**See id.** at 10).

Additionally, the Master awarded Wife counsel fees based on: (1) three court orders each awarding $1,000 in counsel fees that were deferred to equitable distribution; (2) the disparity of the parties' income; and (3) the number of individual assets in Husband's name. (**See id.** at 19).

Husband filed sixty-two exceptions to the Master's Report on December 14, 2012. The trial court heard argument on the exceptions on June 20, 2013. On August 5, 2013, the trial court dismissed Husband's exceptions and entered the Master's Report as a final order.

On August 27, 2013, Husband filed an appeal. On October 11, 2013, this Court quashed Husband's appeal as interlocutory because there was no final divorce decree entered. A final divorce decree was entered on January 29, 2014. Husband timely filed an appeal on February 25, 2014.[1]

Husband raises the following issues for our review:

1. Whether the trial court erred when it refused to treat Wife's inheritance as income despite her testimony that she treated if [sic] as income?

2. Whether the trial court committed an abuse of discretion when it awarded Wife attorney's fees?

3. Whether the trial court erred in its valuation of the pre-marital residence of Husband?

4. Whether the trial court committed an abuse of discretion in not imputing a higher earning capacity to Wife?

5. Whether the trial court erred in awarding Wife 60% of the marital estate?

6. Whether the trial court erred in accepting the Master's calculations of Husband's pre-marital assets?

(Husband's Brief, at 4).

_____

[1] Pursuant to the trial court's order, Husband filed a Rule 1925(b) statement on March 13, 2014. The court entered its Rule 1925(a) opinion on May 5, 2014. *See* Pa.R.A.P. 1925.

Our standard of review of a challenge to equitable distribution is well-settled:

> A trial court has broad discretion when fashioning an award of equitable distribution. Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. This Court will not find an abuse of discretion unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. [We] measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights.

*Biese v. Biese*, 979 A.2d 892, 895 (Pa. Super. 2009) (citations and quotation marks omitted).

Further, we note that this Court "must give fullest consideration to the findings [of fact] of the master who had an opportunity to observe the witnesses and is the best judge of credibility." *Brojack v. Brojack*, 561 A.2d 788, 789 (Pa. Super. 1989) (citation omitted).

Husband first argues that the trial court erred by adopting the Master's recommendation not to treat Wife's inheritance as income. (*See* Husband's Brief, at 8). We disagree.

In Pennsylvania, "an inheritance [does not fit] into the statutory definition of 'income' . . . [and] it may not be so included." *Humphreys v.*

*DeRoss*, 790 A.2d 281, 287 (Pa. 2002). However, "where the fact finder determines that an inheritance affects a payor's financial obligations by making more income available for support, an upward deviation is appropriate." *Id.* at 288.

In this case, the testimony at the hearing showed that Wife inherited approximately $160,230 after her mother's death in late September 2009. (*See* N.T. Hearing, 8/23/12, at 114-21). The court found the Master's recommendation to "include[] an investment return rate of 3% on the $100,000 cash portion of Wife's inheritance in her net income [to be appropriate]." (Trial Ct. Op., at 4).

Based on the applicable case law and facts of record, we conclude that the court did not abuse its discretion when it dismissed Husband's exception to the Master's recommendation not to treat Wife's inheritance as income. (*See id.*); *see also Humphreys*, *supra* at 287-88; *Biese*, *supra* at 895. Accordingly, Husband's first issue does not merit relief.

In his second issue, Husband argues that the trial court erred by adopting the Master's recommendation of awarding Wife $7,500 in attorney's fees. (*See* Husband's Brief, at 10). We disagree.

> The purpose of an award of counsel fees is to promote [the] fair administration of justice by enabling the dependent spouse to maintain or defend the divorce action without being placed at a financial disadvantage; the parties must be on par with one another.
>
> Counsel fees are awarded based on the facts of each case after a review of all the relevant factors. These factors include the payor's ability to pay, the requesting party's financial

resources, the value of the services rendered, and the property received in equitable distribution.

**Busse v. Busse**, 921 A.2d 1248, 1258 (Pa. Super. 2007), *appeal denied*, 934 A.2d 1275 (Pa. 2007) (citations and quotation marks omitted).

Here, in accepting the Master's recommendation, the court noted that:

Wife received 60% of a modest marital estate . . . [and] utilized a large portion of her inheritance to pay her attorneys' fees. Husband's net monthly income is nearly three times that of Wife and he has amassed a large separate estate.

(Trial Ct. Op., at 4-5).

Additionally, "[t]he [c]ourt found no abuse of discretion in the recommendation of the [] Master that Husband pay roughly one-third of Wife's fees." (**Id.** at 5; **see also** N.T. Hearing, 8/23/12, at 148-54; Master's Report, 11/27/12, at 19). We agree and conclude that the court did not abuse its discretion in adopting the Master's recommendation of awarding Wife $7,500 in attorneys' fees. (**See** Trial Ct. Op., at 5); **see also Biese**, **supra** at 895; **Busse**, **supra** at 1258. Accordingly, Husband's second issue does not merit relief.

In Husband's third issue, he argues that the trial court erred by adopting the Master's recommendation of the valuation of the marital residence. (**See** Husband's Brief, at 11). We disagree.

Husband believes that the value of the marital residence was closer to $78,000 in 2012. (**See** N.T. Hearing, 10/03/12, at 11-13). Nevertheless, Husband introduced a county tax form showing the 2012 tax assessed value as $93,000 and an expert appraisal with a value of $96,000. (**See id.** at 12-

14). Wife's expert appraisal valued the property at $121,000. (**See** N.T. Hearing, 8/23/12, at 12-13). Ultimately, the Master accepted the appraisal of Wife's expert and valued the marital residence at $121,000. (**See** Master's Report, 11/27/12, at 10).

Here, the court accepted the Master's recommendation because "[t]here was no evidence that [it] was based on prejudice, partiality or ill will or that the Master misapplied the law." (Trial Ct. Op., at 5). Furthermore, "Husband provided no basis for the [c]ourt to overturn the Master's factual determination." (**Id.**).

We conclude that the court did not abuse its discretion in adopting the Master's recommendation and "accept[ing] the figures of [Wife]'s appraiser." (**Id.**); **see also Biese**, **supra** at 895. Accordingly, Husband's third issue does not merit relief.

In his fourth issue, Husband argues that the trial court erred by adopting the Master's recommendation not to impute a higher earning capacity to Wife. (**See** Husband's Brief, at 13). We disagree.

Husband believes that Wife's earning capacity should be higher because "Wife has a Master's Degree which affords her the opportunity to earn an income similar to [his]." (**Id.** at 14). The court accepted the Master's recommendation because "[w]hile Husband raised an exception that Wife's earning capacity should be higher, he did not argue this in his supporting brief." (Trial Ct. Op., at 6). Nevertheless, the court noted that:

Wife was working as a librarian doing the same work at the same library for essentially the same pay when they met. She continued to work at the library throughout the marriage. When the parties' son was born, Husband agreed that she should work part time. She testified that she applied for higher paying positions as a research librarian, but her degree does not qualify her for those jobs. Essentially she had the same earnings her entire working life and [H]usband never raised any objection.

(***Id.***; ***see also*** N.T. Hearing, 8/23/12, at 135-37, 140-41, 144-46).

Based on our review of the record, we conclude that the court did not abuse its discretion in adopting the Master's recommendation not to impute a higher earning capacity to Wife. (***See*** Trial Ct. Op., at 6); ***see also Biese***, ***supra*** at 895; ***Brojack***, ***supra*** at 789. Accordingly, Husband's fourth issue does not merit relief.

In Husband's fifth issue, he argues that the trial court erred by adopting the Master's recommendation to award Wife sixty percent of the marital estate. (***See*** Husband's Brief, at 15). We disagree.

Husband's Rule 1925(b) statement claims that "the [c]ourt erred in awarding [Wife] a 60/40 distribution in [Wife]'s favor as the parties earning capacities are equivalent." (Husband's 1925(b) Statement, 3/13/14, at unnumbered page 2). Nevertheless, in his brief, Husband argues that "[i]t is obvious that Wife earns less income than Husband but the marital estate was fully funded by . . . Husband's lifetime work . . . and the inheritance he received . . . ." (Husband's Brief, at 16). Husband abandoned his initial claim of equivalent earning capacities and has raised a new issue; that he fully funded the marital estate. Furthermore, the court determined that

"[a]t no time in these proceedings has Husband ever contended that Wife's earning capacity was similar to his." (Trial Ct. Op., at 6); *see also* Pa.R.A.P. 302(a) (stating that issues not raised in the lower court are waived). We conclude that Husband has abandoned his 1925(b) claim that their earning capacities are equivalent and waived the argument that he contributed significantly to the marital estate. *See* Pa.R.A.P. 1925(b)(4)(vii).

Moreover, his issue would not merit relief. The court noted that, "Wife is a librarian and has always worked in a profession which Husband describes as minimum wage, low stress, employment." (Trial Ct. Op., at 6 (internal quotation marks omitted); *see also* Husband's Pre-Trial Statement, 8/09/12, at unnumbered page 2; Husband's Amended Pre-Trial Statement, 8/16/12, at unnumbered page 2).

Accordingly, after our review, we conclude that the record supports the court's findings and the court did not abuse its discretion in adopting the Master's recommendation to award Wife sixty percent of the marital estate. (*See* Trial Ct. Op., at 6); *see also Biese*, *supra* at 895; *Brojack*, *supra* at 789. Therefore, Husband's fifth issue does not merit relief.

In his final issue, Husband argues that the trial court erred by adopting the Master's calculation of Husband's pre-marital assets. (*See* Husband's Brief, at 17). We agree in part and disagree in part.

Husband argues that he "had substantial pre-marital assets which exceed[ed] the amount awarded to him by the court." (*Id.*). Moreover, Husband claims that the marital estate has a value of $201,921.00 and not

$629,995.00 as the Master calculated. (*See id.* at 19). Wife agrees that the Master miscalculated the marital value of Husband's PNC stock at $14,873.00 in "merely a typographical error." (Wife's Brief, at 9). The value of Husband's PNC stock should have a value at the date of the marriage of $19,455.78, and the marital portion is worth $19,662.22. (*See id.*).

The court noted that:

> [Husband] does not specify which assets were erroneously valued. The value of the marital residence has been addressed. In exceptions, Husband raised the pre-marital value placed on the National City IRA and PNC stock. As to the National City IRA, Husband contended that the [] Master erred in accepting Wife's higher date of separation value. Both parties submitted a statement dated December 31, 2009 for the National City IRA. Husband's statement had a value of $55,337.82, while Wife's statement showed a value of $84,611. The statements looked substantially similar and the [] Master expressed frustration with the failure of either party to call a witness from National City to address the discrepancy. . . .

(Trial Ct. Op., at 6-7; *see also* N.T. Hearing, 8/23/12, at 203-04; N.T. Hearing, 10/03/12, at 238).

The court accepted the Master's recommendation because:

> Ultimately the Master determined that Wife's statement was more accurate. . . . Husband provided no basis for setting aside this determination. . . . He had every opportunity to provide testimony from National City supporting the validity of his statement, but failed to do so.

(Trial Ct. Op., at 7).

However, the court recognized that the Master made a calculation error and that the parties stipulated to the pre-marital value of the PNC

stock as $19,455.78. (*See* Trial Ct. Op., at 7). The court did not correct the order to reflect this error when Husband filed exceptions. Because the court did not correct the error, we conclude that the portion of the order adopting the Master's valuation of the PNC stock must be vacated. This case is remanded and the trial court is directed to enter an order reflecting the stipulated value of the PNC stock and consequently the marital estate.

Although Husband disagrees with the Master's valuation of his pre-marital assets, Husband has failed to identify any specific error or that the court's conclusions are manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will. ***See Biese***, ***supra*** at 895. Accordingly, we conclude that the court did not abuse its discretion in adopting the Master's recommendation of the value of Husband's pre-marital assets, other than the value of the PNC stock. ***See id.***

Order affirmed in part, vacated in part, and remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2014

- 11 -